## STATE v. WILBUR E. PERRIGO.

JANUARY TERM, 1895.

*Motion for new trial. Discretionary with county court. Justification. Harmless error.*

1.  A motion for a new trial is addressed to the discretion of the trial court, and the supreme court cannot revise the exercise of that discretion unless some question of law is reserved.

2.  It is not error to refuse to comply with a request to charge unless the evidence warrants the request.

3.  *Held*, that the evidence did not tend to show a justification of the assault by the respondent upon the officer, whether the arrest was lawful or unlawful.

4.  If the respondent cannot have been harmed by an error in the charge, the judgment will not be reversed.

Indictment for an assault with intent to kill. Trial by jury at the September term, 1894, Chittenden county, THOMPSON, J., presiding, Verdict, guilty. Judgment and sentence on verdict. The respondent excepts.

The respondent was indicted for shooting at one McElliott while McElliott and another police officer were attempting to arrest him. He claimed that the attempted arrest was unlawful for the reason that the officer making it had no warrant, and asked the court to so instruct the jury. This the court declined to do, and the respondent excepted.

The respondent also claimed that he was justified in making the assault for which he was indicted, and upon this subject requested the court to instruct the jury as follows:

"That if at the time Officer McKenzie took hold of the person of respondent, saying that he arrested him, respondent believed that Officer McElliott had drawn his revolver with the purpose of assisting McKenzie in arresting respondent, and with the intent to shoot respondent if he resisted arrest, he was not obliged to retreat or go to the wall, but had the right to shoot McElliott and to continue to shoot him so long as McElliott continued to handle his revolver in a manner causing respondent to think that he intended to shoot respondent."

This the court declined to do, and the respondent excepted.

What the evidence upon this branch of the case was fully appears in the opinion.

*Charles T. Barney* for the respondent.

Arrest for a misdemeanor without warrant by one who does not see the offence is illegal. *Rex* v. *Bright*, 4 C. & P. 387.; *People* v. *Smith*, 5 Cow. 258; *Com.* v. *Wright*, 158 Mass. 149; *Black* v. *State*, 2 Md. 376; *Com.* v. *Carey*, 12 Cush. 246; *Com.* v. *McLaughlin*, 12 Cush. 615; *Scott* v. *Eldridge*, 154 Mass. 25; *Kurtz* v. *Moffit*, 115 U. S. 487.

An officer using unnecessary force in making even a legal arrest may be resisted. *Agee* v. *State*, 94 Ind. 344; *Jones* v. *State*, 26 Texas App. 1; *Rex* v. *Hagan*, 8 C. & P. 167; *Skidmore* v. *State*, 43 Texas 93; *Golden* v. *State*, 1 S. C. 292; *Rungan* v. *State*, 57 Ind. 80; *Miller* v. *State*, 74 Ind. 1; *State* v. *Nimbush*, 9 S. C. 309; *Alford* v. *State*, 8 Texas App. 545.

*R. E. Brown*, State's Attorney, and *J. E. Cushman* for the state.

If one kills an officer to prevent the making of an illegal arrest, he is guilty of manslaughter; and if the killing is accompanied with malice, it is murder. Hawley on Arrest, 55; 3 Greenl., Ev., s. 123, and note; 1 Russ, Crimes, 617; 1 Whart., Crim. Law, s. 414; *Galvin* v. *State*, 6 Cold. 283,

295; *Rafferty* v. *People*, 72 Ill. 37, 40; *Roberts* v. *State*, 14 Mo. 138, 146; *Williams* v. *State*, 44 Ala. 41, 45; *Noles* v. *State*, 24 Ala. 672; *Com.* v. *Carey*, 12 Cush. 241; *Com.* v. *Drew*, 4 Mass. 391; *Tackett* v. *State*, 3 Yerg. 392, 394.

The officers had a right to arrest the respondent without a warrant.    4 Chit. Crim. Law, 928; 1 Hale P. C. 530; Hawley on Arrest, 35; *People* v. *Lyon*, 99 N. Y. 217; *Drennan* v. *People*, 10 Mich. 187; *Com.* v. *Carey*, 12 Cush. 241, 252; *People* v. *Wilson*, 55 Mich. 506, 516.

ROSS, C. J.    I.    It is not contended that there is, on the face of the indictment, any insufficiency which is reached by the respondent's motion in arrest of judgment and sentence. The respondent claims that his motion for a new trial ought to have been granted.    The motion is unsupported by oath, affidavit or deposition, and the county court has not placed on the record a statement of the facts which were found by it, on the hearing upon this motion.    Nor has it found that the statements embodied in the motion are true.    Primarily, such motions are addressed to the judicial discretion of the county court.    Its decision is not revisable unless, in passing upon it that court reserves a question of law for the consideration of this court.    The record does not reserve any such question.    It is to be presumed that the county court properly and legally overruled the motion, until something on the record makes the contrary appear.    The exceptions to overruling these motions are not sustained.

II.    The charge in respect to the amount of force which the respondent might use in resisting his arrest, if unlawful, short of taking life or assaulting with intent to kill, was satisfactory to the respondent, and was not excepted to.    The respondent's counsel does not now claim if the arrest were unlawful, that the respondent could justify the taking life or an assault with intent to take life, unless officer McElliott first made such an assault upon the respondent that he had

reason to believe and did believe that his life was endangered, or that he was in danger of grievous bodily harm, and honestly judged it necessary to draw his pistol and discharge it at McElliott to protect himself against such assault. This would be the law if the testimony tended to establish a state of facts which rendered it applicable. The arrest by Officer McKenzie was made by taking hold of the respondent and saying "I arrest you." The respondent knew that McKenzie and McElliott were officers, and had come to have him go with them to the office of the chief of the police, where a charge of petit larceny had been lodged against him. All the evidence—there was no conflict in it—tended to show that the respondent when told he was arrested instantly drew his pistol from his hip pocket and thrust it in McKenzie's face, saying with an oath, "You let me go." McElliott, who had been watching the respondent while he was covering his pistol in his pocket with his handkerchief, at the instant the respondent thrust his pistol in McKenzie's face, cried out, "Hold on, Perrigo," and drew his revolver from his pocket. Thereupon the respondent turned and fired his pistol at McElliott. McElliott retreated, trying to, but not succeeding in getting his pistol so he could discharge it. The respondent pursued and fired two more shots at McElliott. All that McElliott did was in assisting McKenzie in arresting the respondent. There was no testimony tending to show any different state of facts. On this statement the respondent had no reasonable ground to believe that he was in danger of great bodily harm from the arrest by McKenzie, nor from any assistance which McElliott offered in making the arrest. On the contrary, the respondent first began the use of the pistol to resist a gentle arrest by McKenzie, and McElliott seeing it called to him to hold on, when the respondent turned and discharged his pistol at McElliott, and pursued him, discharging his pistol at him. The testimony did not tend to establish any such facts as entitled the respondent to have his

request on this point complied with. A request may be good law if the testimony tends to establish the facts embodied in or assumed by it. Yet it would be the duty of the court to refuse to comply with it if there was no testimony tending to establish the facts assumed or embodied in it. This is the inherent defect in the respondent's request and contention on this branch of the case. This exception is not sustained. This was the most favorable light for the respondent in which the testimony could be considered. On this view, except in the particular just disposed of, the charge of the court was satisfactory to the respondent.

Inasmuch as the uncontradicted testimony in the case did not tend to show a justification of an assault with his pistol upon McElliott, if the respondent made the assault, and if his arrest was without lawful authority, much more did it not tend to show such justification if the arrest was made with lawful authority. Hence we need not, and have not, decided the other questions discussed, whether the crime for which the arrest was made was of such a character that Officer McKenzie had the right to arrest him, under the circumstances disclosed, without a warrant therefor. The respondent could not have been harmed by the charge on that subject, for that on any state of facts which the testimony tended to establish the respondent could not justify his assault with a deadly weapon upon McElliott.

*Judgment; there is no error in the proceedings, and that respondent takes nothing by his exceptions.*